IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

APPROXIMATELY $35,090.00 IN
UNITED STATES CURRENCY,

    Defendant.
                                         /

No. C 14-02280 WHA

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

## INTRODUCTION

In this *in rem* forfeiture action, the government moves for default judgment against defendant currency of approximately $35,090.00. To the extent stated in the last paragraph of this order, default judgment is **GRANTED**.

## STATEMENT

On October 11, 2013, agents from the Drug Enforcement Administration set up surveillance at the San Francisco International Airport. After observing non-party Leroy Byrd exit the jet way of Gate 42 and pick-up a silver suitcase from the carousel, Task Force agents stopped Byrd, identified themselves to him, and asked if they could search his suitcase. Byrd said yes. The *in rem* defendant currency — approximately $35,090.00 — was later found therein, contained in several vacuum-sealed bags and loose rubber-banded bundles. In part because Byrd had previously been arrested for a number of drug offenses, including possession with the intent to sell and deliver marijuana as well as sale and delivery of cocaine, the Task

Force agents seized defendant currency for further investigation. There was no warrant for this seizure, so far as the record shows. Nor is Byrd currently incarcerated (Dkt. No. 22).

Thereafter, the Task Force agents cleared a bag area at the airport with a narcotic-detection canine, and placed defendant currency inside a fire-extinguisher locker within that cleared area. The narcotic-detention canine subsequently alerted agents to the locker, indicating an odor of narcotics coming from the currency itself.

This action then began on May 16, 2014. In its complaint, the government alleges that defendant currency is subject to forfeiture under Section 881(a)(6) of Title 21 of the United States Code, as money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 21 of the United States Code. Direct notice and notice by publication of this action was then issued, and the Clerk entered default on July 22, 2014 (Dkt. No. 17). To date, there have been no claims or answers in this action.

**ANALYSIS**

The government has now moved for default judgment. There are two sets of applicable rules — the procedural ones governing civil forfeiture, and the factors to consider under *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). This order discusses both below.

**1.     PROCEDURAL RULES FOR CIVIL FORFEITURE.**

With respect to seizure, Section 881(a)(6) provides that "any property subject to forfeiture to the United States under this section may be seized by the Attorney General in the manner set forth in section 981(b) of Title 18." Section 981(b)(2)(A), in turn, permits a seizure without a warrant if "a complaint for forfeiture has been filed in the United States district court and the court issued an arrest warrant *in rem* pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims."

This order finds that the requirements of Section 981(b)(2)(A) are met. As mandated by Supplemental Rule G(2) and (3) for Certain Admiralty and Maritime Claims, the government filed the verified complaint for this action on May 16, 2014 (Dkt. No. 1). Among other items, that complaint set forth sufficient factual grounds for jurisdiction and venue, a description of

1  defendant currency, and the statute under which this action was brought.  The complaint also
2  alleged enough facts to support a reasonable belief that the government would meet its burden of
3  proof at trial (Compl. ¶¶ 7–24).  Furthermore, the Clerk issued a warrant to arrest defendant
4  currency on May 19, 2014 (Dkt. No. 5).  Under these rules, the seizure of this currency was
5  accordingly proper.

6  The government must also provide adequate notice to potential claimants.  Because this
7  action arises from a federal statute, Admiralty Local Rule 6-(1)(a)(1) applies, stating (emphasis
8  in original):

> (a) **Notice Required**.  A party seeking a default judgment in an action *in rem* must show that due notice of the action and arrest of the property has been given:
>
> (1) In actions subject to Fed. R. Civ. P. Supp. G:
>
> (i) Through execution of process in accordance with Fed. R. Civ. P. Supp. G(3); and
>
> (ii) In accordance with Fed. R. Civ. P. Supp. G(4).

Here, the government has also satisfied its burden under Rule 6-1(a)(1).  In compliance with Supplemental Rule G(3), the Clerk issued a warrant to arrest defendant currency on May 19, 2014, as noted above (Dkt. No. 5).  The government also complied with Supplemental Rule G(4) by publishing notice of this action on www.forfeiture.gov — an official government forfeiture site — for thirty consecutive days until June 18, 2014 (Dkt. No. 15).  Moreover, on May 20, 2014, the government sent direct notice to known potential claimants (*i.e.*, Mr. Byrd) via certified and regular mail to Mr. Byrd's last known address (Dkt. No. 7).  That mailed notice appended copies of the complaint for forfeiture, the notice of this forfeiture action, the warrant of arrest, and other documents.

This order further notes that the statutorily allotted time to file a claim has passed.  Under Section 983(a)(4)(A) of Title 18 of the United States Code (emphasis added):

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed *not later than 30 days after the date of service of the*

3

> *Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint*.

Here, the last date for publication was June 18, 2014. As such, anyone with an interest in defendant currency should have filed a claim by July 17, 2014. That deadline, however, has come and gone, with no claim or answer ever filed in this action.

In sum, this order finds that the government has complied with the necessary procedures for this forfeiture action, as required by federal statute, the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Admiralty Local Rules.

**2. THE *EITEL* FACTORS.**

*Eitel* requires the consideration of several factors in determining whether to grant default judgment. Those factors include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d at 1471–72. Based on such factors, this order concludes that default judgment is warranted.

*First*, denial of default judgment would prejudice the government in that it would be required to expend additional time and effort where no claim or answer has ever been filed. *Second*, the government's complaint has merit, is unopposed, and was filed with sufficient factual detail and in compliance with the procedural requirements discussed above. *Third*, the amount of money at stake is not so great as to justify a denial of default judgment. In *Eitel*, the amount at issue was 2.9 million dollars; here, it is approximately $35,090.00. *Fourth*, there is little (if any) possibility of a dispute concerning the material facts, given that no claim or answer was ever filed in this action. *Fifth*, there is no evidence that excusable neglect led to the default; in fact, the government has met the procedural requirements for filing a verified complaint, obtaining a warrant to arrest defendant currency, and providing adequate notice of this action.

4

*Finally*, while it is preferable to decide a case on its merits, reaching a decision here will be impracticable as no other party has appeared to oppose this forfeiture.

As such, and to the extent stated in the last paragraph of this order, the motion for default judgment is **GRANTED**.

## CONCLUSION

To the extent stated, the motion for default judgment is **GRANTED**. *In rem* defendant currency of approximately $35,090.00 is hereby forfeited to the government, pursuant to Section 881(a)(6). All right, title, and interest in said currency is vested in the United States of America, and all claims thereto are barred. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: September 3, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE